UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEEP WOOD BREW PRODUCTS, LLC. ) | |
| ) | Civil Action No.: |
| Plaintiff ) | |
| ) | United States District Judge |
| v. ) | |
| ) | |
| GO KEG USA ) | Magistrate Judge |
| ) | |
| Defendant. ) | **JURY DEMAND** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Deep Wood Brew Products, LLC (hereinafter "Deep Wood"), for its complaint against Go Keg USA. (hereinafter "Defendant"), hereby alleges, upon personal knowledge as to itself and on information and belief, the following:

### *Nature of Action*

1. This action arises as a result of Defendant's infringement of United States Design Patent No. D752839 "Mini-keg Growler Neck without Cap" (hereinafter the '839 patent) attached as Exhibit A; Unites States Design Patent D735436 "Mini-keg Growler" (hereinafter the '436 patent) attached as Exhibit B; United States Patent 9,428,720 "Mini-keg Growler" (hereinafter the '720 patent) attached as Exhibit C; and United States Patent 9,111,131 "Mini-Keg Growler Cap, Components, Accessories and Designs for the Same" (hereinafter the '131 patent) attached as Exhibit D in violation of the Patent Act of the United States and the America Invents Act of the United States. Deep Wood seeks damages for Defendant's infringement, enhancement of damages due to Defendant's

knowing and willful infringement, reasonable attorney's fees and costs, and other appropriate relief.

## *Parties*

2. Plaintiff Deep Wood Brew Products is a Michigan based limited liability company with its principal place of business located at 2430 Jossman Road, Holly, Michigan 48442.

3. Plaintiff Deep Wood Brew Products is doing business as (DBA) ManCan Universe, Inc., a Colorado company.

4. Defendant Go Keg USA is a California based company with its principle place of business located in Walnut Creek, California.

## *Jurisdiction and Venue*

5. This action for patent infringement arises under the Patent Act and the America Invents Act, 35 U.S.C. §101 *et seq.* including 35 U.S.C. §271. The Court has subject matter jurisdiction over this action pursuant to, at least, 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

6. The Court has personal jurisdiction pursuant to MCL 600.711 and MCL 600.715 over Defendant for, at least, the following reasons:

    a. The exercise of personal jurisdiction over Defendant by this Court is consistent with the Federal Due Process Clause, Defendant having minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice;

    b. Defendant directs goods and services, advertising, and other forms of commerce in the State of Michigan with one or more residents of the State of Michigan; and

    c. Defendant has offered for sale, and continues to offer for sale, products constituting patent infringement of the '839 and '436 and '720 and '131 patents within the State of Michigan.

7. Venue is proper within this Judicial District pursuant to 28 USC §§1391 and 1400.

## *Statement of Facts*
## *(Deep Wood's Patents)*

8. Deep Wood Brew Products DBA ManCan Universe is the sole assignee and owner of U.S. Design Patent D752839 "Mini-keg Growler Neck without Cap" and U.S. Design Patent D735436 "Mini-keg Growler" and U.S. Patent 9,428,720 and U.S. Patent 9,111,131 with the exclusive right to make, use, offer for sale, and sell the designs and inventions claimed in the '839 and '436 and '720 and '131 patents, including the rights to bring this action for any past and present infringement of the '839 and '436 and '720 and '131 patents, and to collect past and present damages.

9. U.S. Design Patent D752839 "Mini-keg Growler Neck without Cap," owned by Deep Wood Brew Products DBA ManCan Universe, was filed on November 4th, 2013 and allowed on April 10, 2015. The '839 patent remains in force since that time. See Exhibit A.

10. U.S. Design Patent D735436 "Mini-keg Growler Neck," owned by Deep Wood Brew Products DBA ManCan Universe, was filed on November 4th, 2013 and allowed on January 22, 2016. The '436 patent remains in force since that time. See Exhibit B.

11. Utility Patent 9,428,720 "Mini-keg Growler," owned by Deep Wood Brew Products DBA ManCan Universe, was filed on November 8th, 2013 and allowed on July 21, 2016. The '720 patent remains in force since that time. See Exhibit C.

12. Utility Patent 9,111,131 "Mini-Keg Growler Cap, Components, Accessories and Designs for the Same," owned by Deep Wood Brew Products DBA ManCan Universe, was filed on August 22, 2014 and allowed on February 6, 2016. The '131 patent remains in force since that time. See Exhibit D.

13. U.S. Design Patent D752839 "Mini-keg Growler Neck without Cap" covers an ornamental design for a Growler, as shown below:



'839 Patent Figure 1

14. U.S. Design Patent D735436 "Mini-keg Growler" covers an ornamental design for a Growler, as shown below:



'436 Patent Figure 1

## Statement of Facts

### (Defendant's Infringement)

15. On information and belief, Defendant has sold and made offers for sale within the United States, without the permission of Deep Wood, 64oz and 128oz varieties of the Mini-keg Growler knowingly covered by U.S. Design Patent D752839 "Mini-keg Growler Neck without Cap" and U.S. Design Patent D735436 "Mini-keg Growler" as shown for example in the side by side comparison below:



Defendant's infringing products include mini-keg growlers without a cap, and mini-keg growlers including detachable caps and detachable dispensing kits.

16. The Growler design of Defendant's infringing products is the same or substantially the same as the growler design of the '839 and '436 patents. The growler designs are so similar as to be identical such that an ordinary observer, giving such attention as an ordinary consumer usually gives, would be so deceived by the similarity between the

designs so as to be induced to purchase Defendant's products believing them to be the same as the growler design of the '839 and '436 patents.

17. On information and belief, Defendant has sold and made offers for sale within the United States, without the permission of Deep Wood Brew, varieties of the Mini-keg Growler knowingly covered by U.S. Patent 9,428,720 "Mini-keg Growler."

18. On information and belief, Defendant has sold and made offers for sale within the United States, without the permission of Deep Wood Brew, varieties of the Mini-keg Growler Cap knowingly covered by U.S. Patent 9,111,131 "Mini-Keg Growler Cap, Components, Accessories and Designs for the Same."

19. On January 16, 2017, Deep Wood DBA ManCan Universe asserted its rights in the '436, '839, and '720 patents against Defendant through written communication, See Exhibit E, which notified Defendant of Deep Wood's Patents, demanded that Defendant cease selling and offering for sale the infringing products within the United States, and ultimately ceased communications after Defendant was unresponsive.

20. Defendant has not ceased selling the infringing products including the 64 oz. and 128 oz variety of the growlers and caps on its own website. See Exhibit F.

21. Deep Wood has not granted a license or any other authorization to Defendant to make, use, sell, or offer for sale growlers or growler caps that embody the claimed designs and claimed inventions of the '839 and '436 and '720 and '131 patents and which is proprietary to Deep Wood.

22. In spite of the rights of Deep Wood, Defendant has willfully and knowingly infringed Deep Wood's rights, including those afforded by the '839 and '436 and '720 and '131 patents.

23. Deep Wood DBA ManCan Universe has been damaged by the foregoing infringement by Defendant, including actual damages including, but not limited to, lost profits and damaged good will.

## COUNT 1

### (Infringement of United States Design Patent No. D735436)

24. Deep Wood incorporates by reference the allegations contained above.
25. Deep Wood provided actual notice to Defendant of its infringement at least as early as January 16, 2017. See Exhibit E.
26. Despite Deep Wood attempting to notify and contact Defendant, Defendant has engaged in a pattern of conduct demonstrating: Defendant's awareness of at least the '436 patent; the objectively high likelihood that a consumer would confuse Defendant's products with the design of the '436 patent; the objectively high likelihood that Defendant's conduct constitutes infringement that the '436 patent is valid and enforceable; and that the risk of infringement was so obvious that Defendant knew or should have known about it.
27. Defendant has infringed and continues to infringe the '436 patent by, without authority, selling and offering for sale, within the United States, products that infringe the ornamental design covered by the '436 patent in violation of 35 U.S.C. §271.
28. Defendant infringes the '436 patent because, among other things, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the growler design of the '436 patent and the growler designs of Deep Wood's products including the growler design of Defendant's products are substantially the same, the resemblance being

such as to deceive such an ordinary observer, inducing him/her to purchase one supposing it to be the other.

29. Defendant's infringement has damaged and continues to damage and injure Deep Wood. The injury to Deep Wood is irreparable and will continue unless and until Defendant is enjoined from further infringement.

30. Deep Wood is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including, Defendant's total profit pursuit to 35 U.S.C. §289.

31. Deep Wood is entitled to a permanent injunction preventing Defendant from further infringing the '436 patent.

32. Defendant has engaged and is engaged in willful and deliberate infringement of the '436 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. §285.

## COUNT 2

### *(Infringement of United States Design Patent No. D752839)*

33. Deep Wood incorporates by reference the allegations contained above.

34. Deep Wood provided actual notice to Defendant of its infringement on repeated occasions at least as early as January 16, 2017. See Exhibit E.

35. Despite repeated communications by Deep Wood attempting to notify and contact Defendant, Defendant has engaged in a pattern of conduct demonstrating: Defendant's

awareness of at least the '839 patent; the objectively high likelihood that a consumer would confuse Defendant's products with the design of the '839 patent; the objectively high likelihood that Defendant's conduct constitutes infringement that the '839 patent is valid and enforceable; and that the risk of infringement was so obvious that Defendant knew or should have known about it.

36. Defendant has infringed and continues to infringe the '839 patent by, without authority, selling and offering for sale, within the United States, products that infringe the ornamental design covered by the '839 patent in violation of 35 U.S.C. §271.

37. Defendant infringes the '839 patent because, among other things, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the growler design of the '839 patent and the growler designs of Deep Wood's products including the growler design of Defendant's products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him/her to purchase one supposing it to be the other.

38. Defendant's infringement has damaged and continues to damage and injure Deep Wood. The injury to Deep Wood is irreparable and will continue unless and until Defendant is enjoined from further infringement.

39. Deep Wood is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including, Defendant's total profit pursuit to 35 U.S.C. §289.

40. Deep Wood is entitled to a permanent injunction preventing Defendant from further infringing the '839 patent.

41. Defendant has engaged and is engaged in willful and deliberate infringement of the '839 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. §285.

## COUNT 3

### *(Infringement of United States Patent 9,428,720)*

42. Deep Wood incorporates by reference the allegations contained above.

43. Deep Wood provided actual notice to Defendant of its infringement at least as early as January 16, 2017. See Exhibit E.

44. Defendant has infringed and continues to infringe the '720 patent by, without authority, selling and offering for sale, within the United States, products that infringe the mini-keg growler covered by the U.S. Patent 9,428,720 in violation of 35 U.S.C. §271. See Exhibit C.

45. Defendant infringes the '720 patent because, without authority, Defendant either makes, uses, offers to sell, or sells the patented invention, within the United States or imports into the United States the patented invention during the term of the patent therefor.

46. Defendant's product(s) infringe the '720 patent as established and demonstrated in Plaintiff's Claim Chart 1 which references Figures D1-D3 clearly showing Defendant's product infringes at least one of, if not all, of claims 1-6, and 8-24 of the '720 patent. See Exhibits G and H.

47. Defendant's infringement has damaged and continues to damage and injure Deep Wood. The injury to Deep Wood is irreparable and will continue unless and until Defendant is enjoined from further infringement.

48. Deep Wood is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including, Defendant's total profit pursuit to 35 U.S.C. §289.

49. Deep Wood is entitled to a permanent injunction preventing Defendant from further infringing the '720 patent.

50. Defendant has engaged and is engaged in willful and deliberate infringement of the '720 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. §285.

## COUNT 4

### (Infringement of United States Patent 9,111,131)

51. Deep Wood incorporates by reference the allegations contained above.

52. Defendant has infringed and continues to infringe the '131 patent by, without authority, selling and offering for sale, within the United States, products that infringe the mini-keg growler cap covered by the U.S. Patent 9,111,131 in violation of 35 U.S.C. §271. See Exhibit D.

53. Defendant infringes the '131 patent because, without authority, Defendant either makes, uses, offers to sell, or sells the patented invention, within the United States or imports into the United States the patented invention during the term of the patent therefor.

54. Defendant's product(s) infringe the '131 patent as established and demonstrated in Plaintiff's Claim Chart 2 which references Figures D4-D6 clearly showing Defendant's product infringes at least one of, if not all, of claims 1-4 and 7-10 of the '131 patent. See Exhibits I and J.

55. Defendant's infringement has damaged and continues to damage and injure Deep Wood. The injury to Deep Wood is irreparable and will continue unless and until Defendant is enjoined from further infringement.

56. Deep Wood is entitled to a complete accounting of all revenue and profits derived by Defendant from the unlawful conduct alleged herein, including, Defendant's total profit pursuit to 35 U.S.C. §289.

57. Deep Wood is entitled to a permanent injunction preventing Defendant from further infringing the '131 patent.

58. Defendant has engaged and is engaged in willful and deliberate infringement of the '131 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. §285.

*Prayer for Relief*

WHEREFORE, Plaintiff, Deep Wood, prays for the following relief:

A. A judgment entered in favor of Deep Wood on its claim that Defendant has infringed the '436 patent;

B. A judgment entered in favor of Deep Wood on its claim that Defendant has infringed the '839 patent;

C. A judgment entered in favor of Deep Wood on its claim that Defendant has infringed the '720 patent;

D. A judgment entered in favor of Deep Wood on its claim that Defendant has infringed the '131 patent;

E. A permanent injunction enjoining Defendant, its respective officers, directors, agents, and employees and all those in concert or participation with it who receive notice of judgment by personal service or otherwise from:

   a. Making, importing, using, selling, and offering for sale infringing products practicing the '436, '839, '720, and/or '131 patents and from otherwise infringing, contributing to the infringement of, or actively inducing infringement of the '436, '839, '720, and/or '131 patents; and

   b. Holding out in any manner whatsoever that Defendant's products and services are in anyway sponsored, approved, certified, sourced, affiliated, or connected with Deep Wood's products and services;

F. A judgment and order that Defendant deliver to Deep Wood for destruction all products associated with the infringement of the '436, '839, '720, and/or '131 patents;

G. A judgment and order that Defendant make an accounting to Deep Wood and pay over to Deep Wood damages pursuant to 35 USC §284 for Defendant's willful and deliberate infringement;

H. A judgment and order that Defendant make an accounting to Deep Wood and pay over to Deep Wood damages pursuant to 35 USC §289;

I. Declare this case exceptional and award costs of this action together with Deep Wood's reasonable attorney's fees pursuant to 35 U.S.C. §285 and as permitted under other applicable laws;

J. An award of interest, including prejudgment interest, on all damages; and

K. An award to Deep Wood of such further relief as the Court deems just and proper.

Respectfully Submitted,

_____
CARY W. BROOKS
Michigan Bar # P38806
*BrooksGroup*
48685 Hayes Road
Shelby Township, Michigan 48315
(586) 596-9600
cbrooks@brooks.pro

*Attorney for Plaintiff*

October 31, 2017

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Deep Wood Brew Products, LLC

## DEFENDANTS
Go Keg USA

**(b)** County of Residence of First Listed Plaintiff: Oakland County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Contra Costa County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cary W. Brooks
48685 Hayes Road Shelby Township, Michigan 48315
586-596-9600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [X] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Patent Act and the America Invents Act, 35 U.S.C. §101 et seq. including 35 U.S.C. §271
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: October 31, 2017

SIGNATURE OF ATTORNEY OF RECORD: *Cary W Brooks*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :